```
 1 │ TRACY L. WILKISON
   │ United States Attorney
 2 │ SCOTT M. GARRINGER
   │ Assistant United States Attorney
 3 │ Chief, Criminal Division
   │ CHRISTOPHER C. KENDALL (Cal. Bar. No. 274365)
 4 │ Assistant United States Attorney
   │ Deputy Chief, International Narcotics,
 5 │   Money Laundering, and Racketeering Section
   │ BENEDETTO L. BALDING (Cal. Bar No. 244508)
 6 │ Assistant United States Attorney
   │ Deputy Chief, International Narcotics,
 7 │   Money Laundering, and Racketeering Section
   │      1400 United States Courthouse
 8 │      312 North Spring Street
   │      Los Angeles, California 90012
 9 │      Telephone:  (213) 894-2576/2274
   │      Facsimile:  (213) 894-0142
10 │      E-mail:     christopher.kendall@usdoj.gov
   │                  benedetto.balding@usdoj.gov
11 │
   │ Attorneys for Plaintiff
12 │ UNITED STATES OF AMERICA
```

```
FILED
CLERK, U.S. DISTRICT COURT

12/21/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR 2:21-cr-00588-JFW **4** |
|---|---|
| Plaintiff, | <u>GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION</u> |
| v. | |
| MICHAEL DIAZ, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1.   Temporary 10-day Detention Requested (§ 3142(d)) on the
       following grounds:
   ☐ a.   present offense committed while defendant was on release
          pending (felony trial),

1    ☐   b.   defendant is an alien not lawfully admitted for
2              permanent residence; <u>and</u>
3    ☐   c.   defendant may flee; or
4    ☐   d.   pose a danger to another or the community.
5    ☒ 2.   Pretrial Detention Requested (§ 3142(e)) because no
6          condition or combination of conditions will reasonably
7          assure:
8    ☒   a.   the appearance of the defendant as required;
9    ☒   b.   safety of any other person and the community.
10   ☐ 3.   Detention Requested Pending Supervised Release/Probation
11          Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.
12          § 3143(a)):
13    ☐   a.   defendant cannot establish by clear and convincing
14              evidence that he/she will not pose a danger to any
15              other person or to the community;
16    ☐   b.   defendant cannot establish by clear and convincing
17              evidence that he/she will not flee.
18   ☐ 4.   Presumptions Applicable to Pretrial Detention (18 U.S.C.
19          § 3142(e)):
20    ☐   a.   Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")
21              (46 U.S.C. App. 1901 <u>et seq.</u>) offense with 10-year or
22              greater maximum penalty (presumption of danger to
23              community and flight risk);
24    ☐   b.   offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or
25              2332b(g)(5)(B) with 10-year or greater maximum penalty
26              (presumption of danger to community and flight risk);
27
28

1  ☐  c.  offense involving a minor victim under 18 U.S.C.
         §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,
         2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),
         2260, 2421, 2422, 2423 or 2425 (presumption of danger
         to community and flight risk);

   ☐  d.  defendant currently charged with an offense described
         in paragraph 5a - 5e below, AND defendant was
         previously convicted of an offense described in
         paragraph 5a - 5e below (whether Federal or
         State/local), AND that previous offense was committed
         while defendant was on release pending trial, AND the
         current offense was committed within five years of
         conviction or release from prison on the above-
         described previous conviction (presumption of danger to
         community).

☒  5.  Government Is Entitled to Detention Hearing Under § 3142(f)
      If the Case Involves:

   ☐  a.  a crime of violence (as defined in 18 U.S.C.
         § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or
         Federal crime of terrorism (as defined in 18 U.S.C.
         § 2332b(g)(5)(B)) for which maximum sentence is 10
         years' imprisonment or more;

   ☐  b.  an offense for which maximum sentence is life
         imprisonment or death;

   ☐  c.  Title 21 or MDLEA offense for which maximum sentence is
         10 years' imprisonment or more;

☐    d.    any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses;

☐    e.    any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

☒    f.    serious risk defendant will flee;

☐    g.    serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so).

☐    6.    Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____
_____
_____
_____

//
//
//
//
//
//
//

4

☐ 7. Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: December 21, 2021                Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

*/s/*

BENEDETTO L. BALDING
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA